UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

PROSPECT CAPITAL CORPORATION,

Plaintiff,

-against-

LEVINE LEICHTMAN CAPITAL
PARTNERS, INC. and PWC HOLDING
CORPORATION,

Defendants.

Civil Action No.: _____

**COMPLAINT**

Plaintiff, Prospect Capital Corporation ("Plaintiff" or "Prospect"), for its Complaint in

this action, alleges the following:

## NATURE OF THE ACTION

1.    This action seeks declaratory and injunctive relief to enjoin Defendants from

taking any action – which Defendants have repeatedly threatened – to direct the corporate

activities of a corporate borrower over which Defendants no longer have any decision-making

authority.  The sole decision-making authority over this corporate borrower now resides with its

new Board of Directors, which Board was duly elected by Plaintiff exercising its contractual

rights and remedies as a secured creditor upon the borrower's contractual and incurable default.

2.    This action also seeks monetary relief to redress Defendants' misconduct as set

forth herein.

## JURISDICTION AND VENUE

3.    This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. § 1332.  There is complete diversity of citizenship between Plaintiff and Defendants, and

the amount in controversy exceeds $75,000.

4.      Venue is proper in this District because Plaintiff's executive offices are in this District, significant events took place in this District, and personal jurisdiction over Defendants is proper.

THE PARTIES

5.      Plaintiff is a Maryland Corporation with its principal place of business in New York.

6.      Defendant Levine Leichtman Capital Partners ("LLCP") is a California corporation with its principal place of business in California and an office in New York.

7.      Defendant PWC Holding Corporation ("Holding") is a Delaware corporation with its principal place of business with its principal place of business in California.

SUBSTANTIVE ALLEGATIONS

8.      Plaintiff, Holding and Pacific World Corporation ("PWC") are parties to an Amended and Restated Credit Agreement entered into as of December 31, 2014 (the "Credit Agreement"), pursuant to which Plaintiff loaned PWC $215,000,000 to finance a dividend recapitalization (among other purposes), which loan is now in default.  Plaintiff is Administrative Agent to the Lenders in the Credit Agreement, and PWC is the Borrower therein.

9.      Plaintiff, Holding and PWC are also parties to a Pledge Agreement entered into as of September 26, 2014 (the "Pledge Agreement", and together with the Credit Agreement, the "Agreements").  Plaintiff is Administrative Agent to the Lenders in the Pledge Agreement, and PWC is the Borrower and a Pledgor therein.

10.     PWC's financial condition has deteriorated over the past several months; yet, Defendant LLCP as the sponsor to the September 2014 loan transaction and former controlling shareholder of PWC has refused to infuse any capital into PWC to satisfy its customer demands

and trade creditors.  Defendant LLCP took out a substantial dividend in 2014 with the proceeds of Plaintiff's loan.

11.     By not paying contractually scheduled interest on the required May 24, 2018 payment date, or during the five day contractually agreed grace period, ending at 1PM on May 29, 2018, PWC breached Section 9.1(a) of the Credit Agreement, causing an Event of Default. According to the Credit Agreement and controlling New York law, such breach cannot be cured by any later payment.

12.     Accordingly, Plaintiff was entitled to, and on May 29, 2018, did, exercise certain rights and remedies under Section 9 of the Pledge Agreement, namely, its right to vote (via irrevocable proxy) Holding's pledged stock in PWC.

13.     The legal effect of Plaintiff's exercise of these rights and remedies is that Plaintiff is, as of the moment of the proxy exercise and now, the sole party that has (i) the voting rights in Holding's pledged stock in PWC and (ii) the legal authority to elect all of the directors of PWC.

14.     On May 29, 2018, Plaintiff duly elected five directors to serve on PWC's Board of Directors.

15.     By virtue of Plaintiff's exercise of its contractually agreed irrevocable proxy, Defendants do not have any authority to direct any corporate actions of PWC.

16.     Nonetheless, Defendants have threatened to undertake the following *ultra vires* actions:

> a.   File lawsuits or other proceedings on PWC's behalf, including but not limited to lawsuits against Plaintiff and individual officers of Plaintiff;
>
> b.   Cause one or more PWC officers or employees to resign from PWC;
>
> c.   File press releases on PWC's behalf disparaging Plaintiff; and

      d.   Continue to direct PWC's corporate activities.

17.    Defendant's threats include but are not limited to threatening to take action to harm PWC unless Plaintiff paid Defendant LLCP an immediate $10 million extortion payment, along with another $5 million in a wholly separate transaction in which Defendant LLCP happens also to be the sponsor.

18.    In addition to containing the threats to take *ultra vires* action, these statements from Defendants also inaccurately assert that PWC "paid interest on time" and that "the management team [] resign[ed]."

19.    Defendants further contest that Plaintiff properly exercised its proxy rights following PWC's Event of Default and contend that Plaintiff is not entitled to exercise shareholder rights or otherwise direct the governance and management of PWC.

COUNT I

TORTIOUS INTERFERENCE WITH CONTRACT

20.    Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

21.    The Agreements are valid, binding and enforceable.

22.    Under the Agreements, PWC must take its direction only from the new Board of Directors duly elected by Plaintiff.

23.    At all relevant times hereto, Defendant knew of the existence and the terms of the Agreements.

24.    Defendant intentionally, knowingly, and with malice, interfered with the Agreements by actively trying to thwart PWC from taking its direction solely from PWC's new Board of Directors.

4

25.     Defendant used dishonest, unfair and improper means to interfere with the Agreements and to induce PWC's breaches thereof.

26.     But for Defendant's interference, PWC would not be acting in a way violative of the Agreements.

27.     There was no privilege or justification for Defendant's conduct.

28.     As a direct result of Defendant's wrongdoing, Plaintiff has been damaged in an amount to be determined at trial, but which cannot be compensated by money alone.

COUNT II

DECLARATORY RELIEF

29.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

30.     Plaintiff has an unambiguous right under the Agreements to exercise an irrevocable proxy upon the occurrence of an Event of Default.

31.     Plaintiff validly exercised its remedies pursuant to the Agreements following an Event of Default on May 29, 2018.

32.     Notwithstanding Plaintiff's valid exercise of its remedies following PWC's Event of Default, contest that Plaintiff properly exercised its irrevocable proxy rights following PWC's Event of Default and contend that Prospect is not entitled to exercise shareholder rights or otherwise direct the governance and management of PWC.

33.     A case or controversy exists, and Prospect seeks a declaration that (i) Prospect validly exercised its rights and remedies under the Agreements, and (ii) Prospect is entitled to exercise shareholder rights and manage the affairs of PWC.

COUNT III

PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF

34.     Plaintiff incorporates the allegations contained in the previous paragraphs of this Complaint as if fully set forth herein.

35.     Plaintiff has an unambiguous right under the Agreements to exercise an irrevocable proxy upon the occurrence of an Event of Default.

36.     Plaintiff validly exercised its remedies pursuant to the Agreements following an Event of Default on May 29, 2018.

37.     Notwithstanding Plaintiff's valid exercise of its remedies following PWC's Event of Default, contest that Plaintiff properly exercised its irrevocable proxy rights following PWC's Event of Default and contend that Prospect is not entitled to exercise shareholder rights or otherwise direct the governance and management of PWC.

38.     Defendants have threatened to interfere with Plaintiff's shareholder rights and the rights of the duly elected Board to direct the governance and management of PWC by, among other things, directing the managers not to follow the directives of the Board.

39.     Plaintiff is likely to succeed on the merits.

40.     If an injunction is not issued, Plaintiff will suffer imminent, irreparable harm for which money damages would not provide adequate relief.

41.     Plaintiff requests that this Court enter an injunction enjoining Defendants from interfering with Plaintiff's shareholder rights and the rights of the duly elected Board to direct the governance and management of PWC.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for:

A.     a declaration that Defendant has no authority, legal or otherwise, to direct any corporate activity of PWC, including but not limited to:  (i) filing any lawsuits or other proceedings on PWC's behalf; (ii) causing any PWC officers or employees to resign from PWC; and (iii) issuing any press releases on PWC's behalf;

B.     a declaratory judgment effectuating the foregoing declaration;

C.     injunctive relief to enjoin Defendant from in any way acting contrary to the foregoing declaration;

D.     monetary damages suffered by Plaintiff from Defendant's conduct contrary to the foregoing declaration;

E.     punitive damages;

F.     pre-judgment and post-judgment interest;

G.     Plaintiff's costs and expenses in this litigation, including attorney fees; and

I.     such other and further relief as the Court may deem just and proper.


Dated: New York, New York
May 30, 2018

By: /s/ Jonathan Li_____
     Jonathan J. Li, Esq.
     Adam Burton, Esq.
     10 East 40th Street, 45th Floor
     New York, New York 10016
     *Attorneys for Plaintiff*